## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHRISTIAN BACHI, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                     **NO. 17-4129**

**BP EXPLORATION &**                                          **SECTION: D (2)**
**PRODUCTION, INC., ET AL.**

## ORDER & REASONS

Before the Court is BP's Motion for Summary Judgment, filed by Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. and joined in by Defendants Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. (collectively, "Defendants").[1]  The Motion was noticed for submission on September 6, 2022.  Pursuant to Local Rule 7.5, any response in opposition was due by August 29, 2022.  As of the date of this Order, no opposition has been filed. Additionally, Plaintiffs, Christian Bachi and Sabrina Bachi, have not moved for an extension of the submission date or the deadline to file an opposition brief.  Thus, the Motion is unopposed.

After careful review of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Plaintiffs' claims against Defendants are hereby **DISMISSED with prejudice.**

---

[1] R. Doc. 49 at p. 1 n.1.

## I.      FACTUAL BACKGROUND

This case arises from Plaintiffs' alleged exposure to harmful chemicals following the Deepwater Horizon oil spill that occurred on April 20, 2010.  On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").[2]  However, certain individuals, referred to as "B3" plaintiffs, either opted out of or were excluded from the MSA.[3]

After opting out of the MSA, Plaintiffs filed an individual Complaint on April 27, 2017 against Defendants.[4]  Plaintiffs allege that after the *Deepwater Horizon* oil spill, they were injured as a result of exposure to oil and/or dispersing chemicals and/or decontaminants while working as clean-up workers on Santa Rosa Beach, Florida.[5]  Plaintiffs allege that their symptoms include, *inter alia*, coughing, burning throats, heart palpitations, blurred visions, fever, chills, vomiting, irregular menstrual cycles, weakness, chest pain, and headaches.[6]  Plaintiffs allege that they have sustained damages "as a result of Defendants' negligence; strict liability; gross negligence; willful and wanton conduct; and violations of applicable safety, construction, or operation regulations and/or statutes."[7]  Specifically, Plaintiffs seek

---

[2] *See Brown v. BP Expl. & Prod. Inc.*, Civ. A. No. 18-9927, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019) (citation omitted) (Africk, J.).
[3] *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *2 (E.D. La. Apr. 1, 2021) (Barbier, J.).
[4] R. Doc. 1.
[5] R. Doc. 1 at ¶ 18; R. Doc. 1-1 at p. 5; R. Doc. 1-2 at p. 5.
[6] R. Doc. 1-1 at p. 5; R. Doc. 1-2 at p. 5; R. Doc. 1-3 at p. 5.
[7] R. Doc. 1 at ¶ 21.

to recover economic damages, personal injury damages—including damages for past and future medical expenses and for pain and suffering—punitive damages, and attorneys' fees, costs, and expenses.[8]

Defendants filed the instant Motion on August 22, 2022, asserting that they are entitled to summary judgment because Plaintiffs have not produced an expert report or any expert testimony in support of their health complaints and, thus, cannot prove that their alleged medical conditions were caused by their exposure to substances related to the *Deepwater Horizon* oil spill.[9]  Defendants claim that the Fifth Circuit and at least eleven Sections of this Court have issued numerous opinions addressing the obligation of a B3 plaintiff to prove legal causation.[10]  According to Defendants, this requirement derives from the fundamental principles governing proof of causation in toxic tort cases decided under general maritime law.[11] Defendants claim that B3 plaintiffs, who were originally part of the multidistrict litigation stemming from the *Deepwater Horizon* oil spill, must satisfy the same legal cause standard as BELO plaintiffs.[12]  Defendants further assert that due to the technical nature of the proof, courts have uniformly concluded that toxic tort plaintiffs need expert testimony to meet their burden of proving causation.[13]  Accordingly, Defendants claim that courts have repeatedly granted summary judgment dismissing claims of plaintiffs who alleged injuries from exposure to the *Deepwater Horizon* oil

---

[8] *Id*. at ¶¶ 21–22.
[9] R. Doc. 49; R. Doc. 49-1 at pp. 1–2.
[10] R. Doc. 49-1 at p. 4 (citing authority).
[11] *Id*. (citations omitted).
[12] *Id*. at pp. 2, 4.
[13] *Id*. at p. 6 (citing *In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243, at *2 (11th Cir. Jan. 11, 2022).

spill, but failed to produce expert support for their claims.[14]  Defendants argue that, for these reasons, Plaintiffs' claims lack the expert support required to carry their burden of proof on causation and, thus, that the Court should grant their Motion and dismiss Plaintiffs' claims with prejudice.

As previously mentioned, Plaintiffs did not file a response to the Motion.[15]

## II.   LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[17]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[18] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[19]

---

[14] R. Doc. 49-1 at p. 6 (citations omitted).
[15] The Court notes that Plaintiffs also failed to comply with the Scheduling Order by failing to file a witness list by the September 5, 2022 deadline, or request any extension to do so.  *See* R. Doc. 47 at p. 2.
[16] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).
[18] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[19] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson*, 477 U.S. at 248).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[20]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[21]  If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[22]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[23]

## III.   ANALYSIS

As Defendants correctly point out,[24] Judge Barbier previously described the BELO and B3 cases in similar terms, explaining that:

> BELO cases and the B3 cases are similar in several important respects.  Both allege personal injuries or wrongful death due to exposure to oil or other chemicals used during the oil spill response.  Furthermore, both BELO plaintiffs and B3 plaintiffs must prove that the legal

---

[20] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).
[21] *Id.* at 1265.
[22] *See Celotex*, 477 U.S. at 322–23.
[23] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).
[24] *See* R. Doc. 49-1 at p. 2.

cause of the claimed injury or illness is exposure to oil or other chemicals used during the response.[25]

In a separate matter, this Court has explained that the Fifth Circuit and nearly every Section of this Court have uniformly held that, with regard to B3 plaintiffs, "[a]bsent expert testimony, [a B3 plaintiff] cannot meet his burden of proof on causation."[26] The Court finds that because Plaintiffs failed to identify a causation expert in this case by the Court's August 4, 2022 deadline[27] and did not move for an extension of that deadline, or for an extension of their deadline to respond to the instant Motion, they cannot meet their burden of proof on causation.  Accordingly, Defendants are entitled to summary judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that BP's Motion for Summary Judgment[28] is **GRANTED,** and that Plaintiffs' claims against Defendants are **DISMISSED with prejudice.**

New Orleans Louisiana, September 26, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[25] *See In Re Oil Spill*, 2021 WL 6053613, at *11.
[26] *Dixon v. BP Expl. & Prod., Inc.*, Civ. A. No. 20-3272, 2022 WL 124026, at *3 (E.D. La. Jan. 13, 2022) (Vitter, J.) (quoting R. Doc. 35 in *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021)); *accord Ngo v. BP Expl. & Prod., Inc.*, No. CV 17-4464, 2022 WL 1748379, at *3 (E.D. La. May 31, 2022) (Vitter, J.); *McGill v. BP Expl. & Prod. Inc.,* 830 Fed. Appx. 430, 434 (5th Cir. 2020).
[27] R. Doc. 47 at p. 1.
[28] R. Doc. 49.